# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA P. LAINE,<br><br>Defendant. | Case No. 6:21-po-00116-HBK-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 8)<br><br>TRIAL CONFIRMATION HEARING:<br>**December 13, 2021 at 2:00 p.m.**<br><br>BENCH TRIAL:<br>**January 14, 2022 at 10:00 a.m.** |

Before the Court is *pro se* Defendant Joshua P. Laine's ("Laine") motion to dismiss. (Doc. No. 8). The Government filed an opposition and Laine filed a reply. (Doc. Nos. 9, 10). On September 14, 2021, the Court held a video hearing on the motion. (Doc. No. 11). The Court denies Laine's motion to dismiss.

**BACKGROUND**

Laine was charged in two Violation Notices on November 19, 2020. (Doc. Nos. 1, 3). In Violation Number 9290831, Laine was charged with driving on a suspended or revoked license in violation of 36 § C.F.R 4.2(b), incorporating CAL. VEH. CODE § 14601.1(a). (Doc. No. 1). In Violation Number 9290830, Laine was charged for failing to have a vehicle registration in violation of 36 § C.F.R 4.2(b), incorporating CAL. VEH. CODE § 4000(a)(1). (Doc. No. 3). According to the probable cause statement in support of the Violation Notices, Yosemite National

Park Ranger Joe Kahrnoff was patrolling the Hetch Hetchy region of Yosemite National Park at 11:45 a.m. on November 19, 2020 when he noticed a white color Ford F-250 with no front or rear license plate. (Doc. Nos. 1-3). Ranger Kahrnoff later identified Lanie as the owner of the vehicle. (*Id.*). When asked if he had the vehicle's registration, Laine replied that he "didn't need one" because it was a "private vehicle." (*Id.*). Ranger Kahrnoff then confirmed with dispatch that Laine's driver's license was suspended and then issued the two aforementioned Violation Notices. (*Id.*). In lieu of payment of the collateral fine,[1] Laine appeared and entered a not guilty plea on April 20, 2021. (Doc. No. 4).

To the extent discernable, Laine argues the Court's lacks jurisdiction because he did not sign the Violation Notice and otherwise is "protected by natural law" and "U.S. Supreme Court [r]ulings that protect [his] freedom to travel in is privately owned automobile." (Doc. No. 8 at 2). Laine suggests that the regulations with which he was charged are unconstitutional. (*Id*. at 3).

**APPLICABLE LAW AND ANALYSIS**

The Court construes Laine's *pro se* motion to dismiss as brought under Federal Rules of Criminal Procedure 12(b)(2) and 12(b)(3)(B)(v). Rule 12(b)(2) permits the Court at any time to hear a motion challenging the Court's jurisdiction. Rule 12(b)(3)(B)(v) permits the Court prior to trial to hear a motion that the charging document fails to state a claim.

**Jurisdiction**

Laine does not dispute that both Violation Notices stem from events while he and his vehicle were located within Yosemite National Park. In *Collins v. Yosemite Park & Curry Co.*, 304 U.S. 518 (1938), the Supreme Court recounted the history of Yosemite National Park in detail. The law is clear the United States has sole and exclusive jurisdiction over the territory encompassed within the Yosemite National Park. 16 U.S.C. § 57. This Court thus has jurisdiction over any alleged crimes committed within Yosemite National Park because it is within the Special Maritime and Territorial Jurisdiction of the United States. 18 U.S.C. § 7(3). *See also Wright v. United States*, 158 U.S. 232, 238 (1895) (noting jurisdiction is derived from

---

[1] Violation Notice 9290831 imposed a $530 fine and Violation Notice 9290830 imposed a $230 fine. *See* Fed. R. Crim. P. 58(d)(1); U.S. District Court, E.D. CA., General Order No. 67 at 1 (January 1, 2021).

1  "where such offense was committed."). By statute, federal district courts "have original
2  jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United
3  States." 18 U.S.C. § 3231. And this Court, specifically, has jurisdiction over all misdemeanor
4  crimes. 18 U.S.C. § 3401. This Court therefore has jurisdiction to consider the offenses for
5  which Laine was charged.

6  **Constitutionality of the Regulations**

7  Laine claims that because he did not sign the Violation Notices he did not enter into a
8  "contract" with the National Park Service. Alternatively, Laine generally argues the regulations
9  are unconstitutional. The Court rejects both arguments.

10  The Secretary of the Interior "acting through the Director of the Park Service, has broad
11  authority under the National Park Service Organic Act (Organic Act), 39 Stat. 535, to administer
12  both lands and waters within all system units in the country." *Sturgeon v. Frist*, 139 S.Ct. 1066,
13  1076 (2019) (*citing* 54 U.S.C. §§ 100751, 100501, 100102). "The Secretary 'shall prescribe such
14  regulations as [he] considers necessary or proper for the use and management of System units.'"
15  (*Id*., *citing* § 100751(a)).

16  The Secretary has adopted regulations "for the protection of persons, property, and natural
17  and cultural resources" set forth in 36 C.F.R. § 1.1 *et seq*. These regulations "apply to all persons
18  entering, using, visiting, or otherwise within" Yosemite National Park. *Id*., § 1.2(a). Laine's
19  arguments concerning his refusal to sign the Violation Notices and his failure to expressly
20  contract with the National Park Service or Ranger Kahrnoff are therefore without merit since his
21  presence in the park made him subject to the Secretary's regulations.

22  Part 4 of Title 36 of the Code of Federal Regulations governs vehicles and traffic safety.
23  Section 4.2 expressly incorporates state law for "traffic and the use of vehicle within the park
24  area." 36 C.F.R. § 4.2. Thus, to the extent the regulations do not otherwise specially address an
25  area, the California Vehicle Code shall apply. *Id*.; *See also* 18 U.S.C. § 13 (The Assimilative
26  Crimes Act conforms the criminal law of a federal enclave, like Yosemite National Park, to that
27  of the local law except in those instances where a specific federal crime has been set forth). Thus,
28  a Ranger in Yosemite National Park could properly issue a citation for violations of California's

State Vehicle Code to individuals in the Park, including CAL. VEH. CODES §§14601.1(a) and 4000(a)(1).

Laine's challenge to the law's constitutionality similarly fails. The Supreme Court has upheld car licensing requirements in *Hendrick v. State of Maryland*, 235 U.S., 610 (1915) and driver's license requirements in *Bell v. Burson*, 402 U.S. 535, 539 (1971). And, while Defendant does not specify which of his constitutional rights are violated, the Court liberally construes his argument to implicate the Fourth Amendment prohibition on unreasonable searches and seizures. The Supreme Court has held that "checking the driver's license... and inspecting the automobile's registration and proof of insurance" does not violate the Fourth Amendment. *Rodriguez v. United States*, 575 U.S. 348, 355 (2015). Indeed, checks for license, registration and insurance serve the purpose of ensuring that vehicles on the roadways are being responsibly and safely operated. *Id*. at 349. *See also United States v. Mendez*, 474 F. 3d 1077, 1080 (9th Cir. 2007) (holding motorists' general expectations for a vehicle stop includes a record check). The case cited by Laine addressing First Amendment implications concerning a license tax designed for commercial salespeople is distinguishable. (Doc. No. 8 at 4-10). Laine cites to *Murdock v. Com. of Pennsylvania*, 319 U.S. 105 (1943) for the proposition that "[a] state may not impose a charge for the enjoyment of a right granted by the federal constitution." (*Id*. at 113). In *Murdoch*, the Court drew a distinction between commercial activity and religious activity that involved selling religious literature, finding the ordinance in question violated the Jehovah's Witnesses' First Amendment right to freely exercise their religion. Here, the state licensing and registration statutes derive from the state's police power. *U.S. v. Snyder*, 852 F.2d 471, 475 (9th Cir. 1988). Based upon the foregoing and binding precedent, the Court finds no basis to dismiss either of these charges on constitutional grounds.

**Failure to State a Claim**

Having established that this Court has jurisdiction and that the charges are constitutional, the Court must consider whether the challenged Violation Notices sufficiently allege violations of Title 36 § C.F.R 4.2(b), incorporating CAL. VEH. CODE §§ 4000(a)(1) and 12500. Section 4000(a)(1) provides "[a] person shall not drive, move, or leave standing upon a highway, or in an

off-street public parking facility, any motor vehicle . . . unless it is registered and the appropriate fees have been paid." Section 12500 provides that drivers on California roads must hold "a valid driver's license issued under this code . . .."

When ruling on a pretrial motion to dismiss, "the district court is bound by the four corners of the indictment." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014); *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). A "motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence" and courts "should not consider evidence not appearing on the face of the indictment." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (internal quotations omitted). Courts ask only whether a crime has been alleged. *United States v. Milovanovic*, 678 F.3d 713, 717 (9th Cir. 2012). Rule 12 motions cannot be used to determine "general issues of guilt or innocence." *Boren*, 278 F.3d at 914 (citation omitted).

Based upon the probable cause statement in support of the Violation Notices, the Court finds the Government has made a sufficient showing as to both Violation Notices to proceed past a motion to dismiss. The Court consequently rejects Laine's argument that the Violation Notices fail to state a claim.

Accordingly, it is **ORDERED**:

1. Defendant's motion to dismiss (Doc. No. 8) is DENIED in its entirety.
2. The Court sets this matter for a Pretrial Confirmation Hearing for **2:00 p.m. on December 13, 2021** and a Bench Trial starting at **10:00 a.m. on January 14, 2022**.

Dated:   November 1, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE