UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOSHUA P. LAINE,<br><br>Defendant. | Case No. 1:21-cr-00270-DAD-HBK<br><br>ORDER DENYING MOTION FOR ELECTRONINC FILING, MOTION TO PROCEED *IN FORMA PAUPERIS*, AND REQUEST TO WAIVE TRANSCRIPT FEES<br><br>(Doc. No. 19, 20, 21)<br><br>ORDER FINDING MOTION FOR EXTENSION OF TIME MOOT<br><br>(Doc. No. 22) |

Pending before the court are the following motions filed by *pro se* Defendant Joshua P. Laine: (1) motions requesting access to the court's electronic case filing; (2) motion to proceed *in forma pauperis*; and (3) motion requesting an extension of time to file transcripts. (Doc. Nos. 19, 20, 21, 22). Defendant proceeds on appeal in this action from the undersigned's November 2, 2021, Order denying Defendant's motion to dismiss. (Doc. No. 12). The Court addresses each motion seriatim.

1. **Motion for Permission for Electronic Case Filing**

Defendant seeks access to the court's electronic case filing. (Doc. Nos. 19, 21). The Court utilizes a case management electronic case filing system (CM/ECF) which requires attorneys to adhere to electronic procedures in the Court's Local Rules to file documents electronically. L.R.

133(a) (E.D. Ca. March 1, 2020).  *Pro se* parties are specifically exempted, and indeed prohibited, from utilizing electronic filing unless granted permission from the assigned Judge or Magistrate Judge.  L.R. 133(b)(2); L.R. 183(c).  Any requests from an exempted party to utilize electronic filing "shall be submitted as stipulations as provided in L.R. 143."  L.R. 133(b)(3).  If a stipulation cannot be obtained, the moving party shall include in his request "an explanation of the reasons for the exception."  *Id*.  Local Rules 133 and 183 apply to criminal action.  L.R. 400(a).  Although Defendant filed two motions, neither motion indicates whether Defendant attempted and was unable to obtain a stipulation or alternatively provides the reason why the Court should grant an exemption.  *See generally* Doc. No. 19, 21.  Defendant has failed to comply with the Court's Local Rules to be granted an exemption from conventional filing.

133(a) (E.D. Ca. March 1, 2020).  *Pro se* parties are specifically exempted, and indeed prohibited, from utilizing electronic filing unless granted permission from the assigned Judge or Magistrate Judge.  L.R. 133(b)(2); L.R. 183(c).  Any requests from an exempted party to utilize electronic filing "shall be submitted as stipulations as provided in L.R. 143."  L.R. 133(b)(3).  If a stipulation cannot be obtained, the moving party shall include in his request "an explanation of the reasons for the exception."  *Id*.  Local Rules 133 and 183 apply to criminal action.  L.R. 400(a).  Although Defendant filed two motions, neither motion indicates whether Defendant attempted and was unable to obtain a stipulation or alternatively provides the reason why the Court should grant an exemption.  *See generally* Doc. No. 19, 21.  Defendant has failed to comply with the Court's Local Rules to be granted an exemption from conventional filing.

**2. Motion to proceed *in forma pauperis* and transcript request**

Defendant seeks to proceed *in forma pauperis* on his appeal of the undersigned's denial of his motion to dismiss.  (Doc. No. 20).  Specifically, Defendant requests that the Court waive the "appellate fees of $505.00 and fees for transcripts."  (*Id*.).  Defendant submits an affidavit of indigency attesting to his monthly take home pay, his assets, and monthly expenses.  (*Id*. at 1-2).  Defendant identifies one minor dependent.  (*Id*.).  Contrary to Defendant's understanding, the fee to appeal this matter to the District Court is $39.00, not $505.00.[1]  The fee to obtain a transcript is $32.00.[2]

Title 28 U.S.C § 1915 authorizes a court to allow an indigent person to prosecute, defend, or appeal a case without prepaying fees.  Proceeding *in forma pauperis* is a privilege, not a right, and the denial of an applicant's request to proceed *in forma pauperis* does not violate an applicant's due process rights.  *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (*citing Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)).  "In order to proceed in court without prepayment of the filing fee, [Defendant] must submit an affidavit demonstrating that he 'is unable to pay such fees or give security therefore.' 28 U.S.C. § 1915(a)(1).  In assessing whether

---

[1] *See* https://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/fee-schedule.

[2] *See* https://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/fee-schedule.

a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services." *Badillo v. Comm'r of Soc. Sec.*, 2020 U.S. Dist. LEXIS 113313, 2020 WL 2494575 at *8 (E.D Cal. Jun. 26, 2020) (internal citations omitted).  The 2022 Poverty Guidelines for the 48 contiguous states for a household of 2 is $18,310.00[3]

When determining to grant *in forma pauperis* status, "the court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities . . . [b]ut, the same even handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Badillo v. Commissioner of Social Security*, Case No. 1:20-cv-00393-SAB (E.D. Ca. May 14, 2020), 2020 WL 2494575 at *9 (internal quotations and citations omitted).  While there is no bright-line rule, courts should balance fairness and human decency with economic reality. *Id*. at *9-*10.  An applicant requesting to proceed *in forma pauperis* should not be required to "deplete his resources as to work a deprivation of basic human needs." *Id*. at *10 (*quoting Temple v. Ellerthorpe*, 586 F.Supp. 848, 851 (D.R.I. 1984)).  Furthermore, an applicant does not have to demonstrate that he is completely destitute, but he needs to show that poverty will prevent him from paying the filing fee and "providing his dependents with the necessities of life." *Id*. at *11 (internal quotations and citations omitted).

Defendant submits the required financial affidavit demonstrating his monthly take home pay is $3,800.00.  Defendant owns two vehicles: a 2002 Ford F250 and 2001 Mercedes E320.  Defendant claims $2000.00 in rent, $250.00 in a loan payment, $66.00 for cell phone and $1400.00 in nonitemized "household" expenses.  Defendant's income is more than double the poverty threshold.  While the Court does not perceive Defendant as affluent, Defendant would not be forced to deplete his financial resources or sacrifice basic human needs if he was required to

---

[3] *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines.

pay the one-time $39.00 filing fee and one-time $32.00 transcript fee. Nor would such payments force Defendant into a precarious situation of deciding between paying these fees or providing for his dependent if his request to proceed *in forma pauperis* is denied. While this Court is sympathetic to the Defendant's current financial state, the economic reality is Defendant has sufficient financial resources to pay these one-time fees that total only $71.00. Thus, the Court denies Defendant's request to proceed *in forma pauperis*.

### 3. Motion for Extension of Time to File Transcripts

Defendant seeks an extension of time to file transcripts. (Doc. No. 22). Presumably, Defendant's transcript request relates to his appeal of the undersigned's decision to deny his motion to dismiss. (*See* Doc. Nos. 12, 17). Defendant's appeal was filed on November 8, 2021. (See Doc. No. 17). On November 10, 2021, the District Court set a Briefing Schedule. (Doc. No. 18). Plaintiff was required to order the official transcript within fourteen days and file his brief within twenty-one days after filing the appropriate transcripts. (*Id*.).

A review of the docket in the corresponding criminal petty offense case reveals that Defendant timely filed a motion for a transcript of the September 14, 2021, hearing. *See* Case No. 6:21-po-00116-HBK, Doc. No. 18, filed November 22, 2021. Thus, Defendant's request for extension of time to file a transcript is moot because Defendant timely ordered the transcript. On March 4, 2022, the transcript request was cancelled for nonpayment. (Doc. No. 20).

The Court reasons Defendant was waiting for a decision on his motion to proceed *in forma pauperis*, which included a request to waive the transcript fees before he paid the transcript fee.[4] As a result, the Court will direct the Clerk to reinstate the request for transcript in Defendant's parallel petty offense criminal case and afford Defendant fourteen (14) days from the date of receipt of this Order to pay for the transcript fee in order that he may prosecute his appeal.

Accordingly, it is **ORDERED**:

1. Defendant's motions to file electronically (Doc. Nos. 19, 21) are **DENIED**.

2. Defendant's motion to proceed *in forma pauperis* and for waiver of transcript fees

---

[4] This case was referred to the undersigned on January 18, 2022.

(Doc. No. 20) is **DENIED**.  Defendant has fourteen (14) days from receipt of service of this Order to pay the $39.00 appeal fee and $32.00 transcript fee.

3. Plaintiff's request for an extension (Doc. No. 22) is MOOT.  Defendant timely filed his request for transcript in Case No. 6:21-po-00116-HBK.

4. The Clerk shall reinstate Defendant's request for the transcript in Case No. 6:21-po-00116-HBK (Doc. No. 18).  Plaintiff has fourteen (14) days from receipt of this Order to pay for the transcript of the September 14, 2021, hearing.

Dated:   March 14, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE